# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**JENNIFER VAN BUSKIRK,**
**AUTUMN DEASE, ARTIS DEASE,**
**AND ALL OTHERS SIMILARLY**
**SITUATED UNDER 29 USC 216(b)**

    *Plaintiffs,*

**v.**

    Civil Action No. **17-301** _____

**SOLIMA PEOPLE, LLC,**
**d/b/a EGGSPECTATION**

    *Defendant.*

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Jennifer Van Buskirk, Autumn Dease, and Artis Dease, (collectively, "Plaintiffs") individually and on behalf of similarly situated individuals, upon personal knowledge as to themselves, and upon information and belief as to other matters, file this Fair Labor Standards Act ("FLSA") lawsuit and in support shows the Court and jury as follows:

## I.    INTRODUCTORY STATEMENT

1.    Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, overtime, and other protections for employees.

2.    However, Defendant attempted to circumvent the FLSA by paying its

employees less than the minimum wage, failing to pay employees at a rate not less than one-and-one half the regular rate for overtime, making unlawful deductions from tips, misappropriating lawfully earned tips, and failing to lawfully administer a "tip credit" under the FLSA.

3. The FLSA does provide employers with an affirmative defense to the payment of minimum wage – called the tip credit. *See* 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to take a credit against the minimum wage if the employer meets specific conditions.

4. In order to lawfully administer a tip credit toward an employer's minimum wage obligation, an employer bears the burden of proving that it satisfied two conditions: 1) the employer must inform the employee that it will take a tip-credit; and 2) tipped employees must retain all the tips they receive. *See Id.*

5. Defendant violated Section 203(m) – an affirmative defense – in that Defendant failed to (1) inform tipped employees of the tip credit pursuant to 29 U.S.C. § 203(m); and (2) allow employees to retain all their tips. *See* 29 U.S.C. § 203.

6. Further, upon learning of Plaintiffs' complaints under FLSA, Defendant unlawfully retaliated against Plaintiffs, Jennifer Van Buskirk and Autumn Dease, when Defendant terminated their employment for participating in a protected activity – namely for asserting their rights under the FLSA.

## II.     PARTIES

7. Plaintiff, Jennifer Van Buskirk, is an individual, who was employed by Defendant within the three (3) years preceding the filing of this lawsuit.

8.    Ms. Van Buskirk's consent is attached to this Complaint as "*Exhibit A*." All pleas, pleadings, motions, discovery and other matters related in whole or in part to this case should be served on Plaintiff's attorney, Mr. Drew N. Herrmann with Herrmann Law, PLLC, 777 Main St., Suite 600, Fort Worth, Texas 76102.

9.    Plaintiff, Autumn Dease, is an individual, who was employed by Defendant within the three (3) years preceding the filing of this lawsuit.

10.   Ms. Dease's consent is attached to this Complaint as "Exhibit B." All pleas, pleadings, motions, discovery and other matters related in whole or in part to this case should be served on Plaintiff's attorney, Mr. Drew N. Herrmann with Herrmann Law, PLLC, 777 Main St., Suite 600, Fort Worth, Texas 76102.

11.   Plaintiff, Artis Dease, is an individual, who was employed by Defendant within the three (3) years preceding the filing of this lawsuit.

12.   Mr. Dease's consent is attached to this Complaint as "Exhibit C." All please, pleadings, motions, discovery and other matters related in whole or in part to this case should be served on Plaintiff's attorney, Mr. Drew N. Herrmann with Herrmann Law, PLLC, 777 Main St., Suite 600, Fort Worth, Texas 76102.

13.   The Class Members are all current and former servers who were paid according to a "tip-credit" system and who were required to participate in the illegal tip pool, as described in Section VI., below. Class Members will "opt in" pursuant to Section 16(b) of the FLSA. 29 U.S.C. § 216(b).

14.   At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods

for commerce as required by 29 U.S.C. §§ 206-207.

15.     Defendant Solima People, LLC d/b/a Eggspectation ("Eggspectation") is a Texas Limited Liability Company. Eggspectation can be served with process by serving its registered agent, The Law Office of Darin Siefkes, PLLC, at 1523 W. Koenig Lane, Austin, Texas 78756, or wherever it may be found.

## III.     JURISDICTION AND VENUE

16.     This Court has jurisdiction over the FLSA claim because it arises under federal law.

17.     This Court has jurisdiction over the parties because Defendant is doing business in Texas and employing Texas residents to work at Defendant's Texas business location in San Antonio, Texas.

18.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.     FLSA COVERAGE

19.     At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and Class Members.

20.     At all material times, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21.     Upon information and belief, at all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

23.     At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993). Specifically, Plaintiffs and Class Members have served food to customers who were traveling across interstate highways. Further, Plaintiffs and Class Members have handled materials and goods that have been moved or produced in interstate commerce, which Defendant purchased or used in its business operation.

## V.     FACTS

24.     Defendant Eggspectation operates a restaurant in San Antonio, Texas.

25.     Defendant is engaged in interstate commerce in that it provides goods and services to customers that are moving in interstate commerce.

26.     Defendant Eggspectation has gross receipts in excess of $500,000, cumulatively over the previous four (4) quarters.

27. The primary function of Solima People, LLC is the operation of a restaurant called "Eggspectation". Defendant employed Plaintiffs and Class Members as waiters and waitresses ("servers") within the three-year period preceding the filing of this lawsuit.

28. Plaintiffs and Class Members were employees of Defendant as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 324.

29. As part of the payment scheme that Defendant used to pay Plaintiffs and Class Members, Defendant took a tip credit against the full minimum wage. The use of the tip-credit results in huge savings to Defendant because Defendant pays Plaintiffs and Class Members less than minimum wage in direct wages per hour - prior to accounting for the receipt of earned tips.

30. Plaintiffs and Class Members received hourly compensation below the minimum wage before accounting for tips. Instead, Defendant relies on tips generated from customers to supplement the servers' pay and bring the effective rate of pay – with tips included – up to the required minimum wage.

31. However, Plaintiffs and the Class Members have been victimized by Defendant's common payment policy that violates their FLSA rights by requiring them to participate in an illegal tip pool and making illegal deductions from their pay.

32. Defendant made improper deductions from Plaintiffs' and Class Members' wages, including illegal deductions for meals, uniforms, and credit card fees.

33.     Defendant required Plaintiffs and Class Members to purchase their own uniforms – an apron.

34.     Defendant deducted more than the actual cost of the meals provided to Plaintiffs and Class Members.

35.     Upon information and belief, Defendant deducted more than the actual cost of the credit card processing fees to process the tips left by customers on a credit card for the benefit of Plaintiffs and Class Members.

36.     Because Defendant retained tips by making illegal deductions from Plaintiffs and Class Members wages, Defendant is disavowed from using the tip credit as a defense to the payment of the full minimum wage.

37.     Moreover, Defendant failed to lawfully administer a tip pool that complied with Section 203(m) of the FLSA. More specifically, Defendant allowed a manager to unlawfully participate in the tip pool, which Plaintiffs and Class Members were required to contribute a portion of their tips. *See Morgan v. SpeakEasy, LLC*, 2007 WL 2757170, at *17 (N.D. Ill. Sept. 20, 2007) ("Where management employees participate in a tip pool, the pool is invalid.").

38.     Among other things, the manager participating in the tip pool had the authority to create work schedules and to hire and fire employees such as Plaintiffs and Class Members.

39.     Moreover, Defendant did not inform Plaintiffs and Class Members of the provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b).

i. Defendant did not inform Plaintiffs and Class Members of the amount of the tips to be credited toward the minimum wage. *See Id.*

ii. Defendant did not inform Plaintiffs and Class Members that all tips received by the employee must be retained by the employee. *See Id.*

iii. Defendant did not inform Plaintiffs and Class Members that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit. *See Id.*

iv. Defendant did not inform Plaintiffs and Class Members that the tip credit may only be taken as to the amount of the tips actually received by the employee and that the employer may not retain any of the employee's tips. *See* Id.

40. Also, Plaintiffs and Class Members have been victimized by Defendant's common payment policy that violates their FLSA rights by denying them the required overtime rate at one-and-one-half times the regular rate for hours worked over forty (40) in a workweek.

41. For hours over forty (40) in a single workweek, Defendant paid Plaintiffs and Class Members at a rate of $3.195 per hour.

42. Instead of basing Plaintiffs' and Class Members' overtime rate on the full minimum wage of $7.25 per hour and then subtracting the $5.12 tip credit, Defendant paid Plaintiffs and Class Members time-and-one-half the subminimum wage rate of $2.13 per hour.

43. Further, Defendant unlawfully retaliated against Plaintiffs, Jennifer

Van Buskirk and Autumn Dease, by terminated their employment upon learning of their complaints cited herein. More specifically, Defendant terminated the employment of Ms. Van Buskirk and Ms. Dease for complaining of Defendant's illegal tip pool.

44.    Upon information and belief, Defendant's method of paying Plaintiffs and Class Members in violation of the FLSA was not based on good faith and a reasonable belief that its conduct complied with the FLSA.

## VI.    COLLECTIVE ACTION ALLEGATIONS

45.    Plaintiffs have actual knowledge that Class Members have also been denied minimum wage, lawfully earned tips, and overtime at time-and-one-half the regular rate. That is, Plaintiffs worked with other servers at the restaurant and have knowledge that other servers were subject to the same illegal payment practices by Defendant.

46.    Other employees similarly situated to Plaintiffs, work or have worked for Defendant's restaurant, but were not paid at the federally mandated minimum wage rate and were forced to participate in an illegal tip pool. Furthermore, these same employees – Class Members – were denied overtime pay at the rate of one-and-one-half the full minimum wage for those hours exceeding forty (40) per workweek.

47.    As part of its common payment scheme, Defendant has intentionally, willfully and repeatedly harmed Plaintiffs and the Class Members by engaging in a pattern, practice of violating the FLSA on a class-wide basis, as provided above.

48.    Plaintiffs and the Class Members have the same pay structure, have the

similar job duties, and suffer from the same unlawful payment scheme.

49.    Defendant's failure to pay minimum wage compensation pursuant to the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. Plaintiffs' experience in regards to pay is typical of the experiences of the Class Members.

50.    Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of wrongful conduct caused harm to Plaintiffs and the Class Members that supports Defendant's FLSA liability.

51.    As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class Members are all of Defendant's current and former servers who worked at Eggspectation in San Antonio, Texas at any time starting three years before this Complaint was filed up to the present.**

## VII.    CAUSE OF ACTION NO. 1: FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

52.    During the relevant period, Defendant has violated and is violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the minimum wage rate. Defendant paid Plaintiffs and Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or

defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate apply to Defendant, Plaintiffs, or Class Members.

53. Defendant's failure to pay Plaintiffs and Class Members at the minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206. Defendant cannot use Section 203(m) as an affirmative defense to the payment of minimum wage because it failed to comply with the requirements set forth in Section 203(m).

54. First, Defendant failed to give Plaintiffs and Class Members notice of its intent to pay Plaintiffs and Class Members in accordance with the tip credit provisions specified in Section 203(m) and Section 531.59 of the Code of Federal Regulations.

55. Second, Defendant violated Section 203(m) when it required Plaintiffs and Class Members to participate in an illegal tip pool as described above.

56. Third, Defendant violated Section 203(m) when it made unlawful deductions from Plaintiffs and Class Members tips for meals, uniforms, and credit card fees.

57. Defendant's method of paying Plaintiffs and Class Members in violation of the minimum wage requirements of the FLSA was not based on good faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is proper.

## VIII.  CAUSE OF ACTION NO. 2: FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

58.     During the relevant period, Defendant has violated and is violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the overtime rate cited therein.

59.     Defendant has failed to pay Plaintiffs and Class Members overtime at a rate not less than one-and-one-half times full minimum wage, in violation of Section 207 of the FLSA.

60.     Defendant's method of paying Plaintiffs and Class Members in violation of the overtime requirements of the FLSA was not based on good faith and a reasonable belief that its conduct complied with the FLSA.  Therefore, an award of liquidated damages is proper.

## IX.     CAUSE OF ACTION NO. 3: UNLAWFUL RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

61.     Defendant unlawfully discharged Plaintiffs, Ms. Van Buskirk and Ms. Dease, in violation of Section 215(a)(3) because they instituted a complaint under the provisions of the FLSA.

62.     Ms. Van Buskirk and Ms. Dease complained of Defendant's violations of the FLSA and were fired upon Defendant learning of their complaints. Defendant's conduct of discharging Ms. Van Buskirk and Ms. Dease was in direct retaliation for their assertion of rights under the FLSA.

## X.    DAMAGES SOUGHT

63.    Plaintiffs and Class Members are entitled to recover compensation for the hours worked for which Plaintiff and Class Members were not paid at the federally mandated minimum wage rate.

64.    Plaintiffs and Class Members are entitled to recover compensation for the hours worked over forty (40) in a workweek, but for which Plaintiff and Class Members were not paid at one-and-one-half times their regular rate.

65.    Plaintiffs and Class Members are entitled to all of the misappropriated funds, including any tips that were contributed to an illegal tip pool.

66.    Plaintiffs and Class Members are entitled to reimbursement of funds that were unlawfully deducted from Plaintiffs' and Class Members paychecks or required to be paid in cash to Defendant for items that were for the benefit of Defendant or in furtherance of Defendant's business. Without repayment of these misappropriated funds, including the remittance of the full amount of tips received, Plaintiffs and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

67.    Plaintiffs and Class Members are also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendant's actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

68.    Plaintiffs and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

69.    Plaintiffs, Jennifer Van Buskirk and Autumn Dease, are entitled to an

award of lost wages, past and future, mental anguish, emotional distress, and all other compensatory and non-compensatory damages suffered as a result of Defendant's retaliatory conduct.

## XI.    JURY DEMAND

70.    Plaintiffs and Class Members hereby demand trial by jury.

## XII.    PRAYER

71.    For these reasons, Plaintiffs and Class Members respectfully request that judgement be entered in their favor, against Defendant, awarding Plaintiffs and Class Members the following relief:

a.    For an Order pursuant to Section 216(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join in the suit); and

b.    For an Order pursuant to Section 216(b) of the FLSA finding Defendant liable for Plaintiffs (and those who may join in the suit) attorneys' fees and costs; and

c.    For an Order awarding Plaintiffs, Jennifer Van Buskirk and Autumn Dease, lost wages, past and future, emotional damages, mental anguish, and all other compensatory and non-compensatory damages suffered; and

d.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*

Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
**HERRMANN LAW, PLLC**
777 Main St., Suite 600
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 887-1878 – fax

**ATTORNEY FOR PLAINTIFFS AND CLASS MEMBERS**

# Exhibit A

## Notice of Consent

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages from my former employer(s).

_____          01/25/17
Signature                                                                    Date

Jennifer Van Buskirk
_____
Printed Name

Exhibit A

# Exhibit B

# Notice of Consent

      I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages from my former employer(s).

_ADease_

6500174AE9DA4A8...

Signature

1/30/2017

Date

_Autumn Dease_

Printed Name

Exhibit B

# Exhibit C

DocuSign Envelope ID: F886076B-F840-48C8-9F9A-AC53C74AD0AA

---

## **Notice of Consent**

---

      I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages from my former employer(s).

DocuSigned by:

322B7F41EEC64F0...

_____

Signature

1/30/2017

_____

Date

*Artis Dease*

_____

Printed Name

Exhibit C